Slip Op. 11-134

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HEBEI FOREIGN TRADE AND ADVERTISING CORPORATION,** | |
| Plaintiff, | |
| **CHERISHMET INCORPORATED,** | |
| Consolidated Plaintiff, | |
| v. | Before: Jane A. Restani, Judge |
| **UNITED STATES, and UNITED STATES DEPARTMENT OF COMMERCE,** | Consol. Court No. 09-00524 |
| Defendants, | |
| **CALGON CARBON CORPORATION, and NORIT AMERICAS INC.,** | |
| Intervenor Defendants. | |

**OPINION**

[Judgment sustaining remand results in non-market economy antidumping duty matter granting separate rate status will be entered.]

Dated: October 24, 2011

   Mowry & Grimson, PLLC (Kristin H. Mowry, Jill A. Cramer, Jeffrey S. Grimson, Sarah M. Wyss, and Susan L. Brooks) for the plaintiff, Hebei Foreign Trade and Advertising Company.

   Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP (Francis J. Sailer) for the consolidated plaintiff, Cherishmet Incorporated.

   Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Delisa M. Sanchez); Thomas M. Beline, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for the defendant.

Kelley Drye & Warren LLP (R. Alan Luberda, David A. Hartquist, and John M. Herrmann, II) for the intervenor defendants, Calgon Carbon Corporation and Norit Americas, Inc.

Restani, Judge:  This matter comes before the court following its decision in Calgon Carbon Corp. v. United States, Slip Op. 11-21, 2011 WL 637605 (CIT Feb. 17, 2011),[1] in which the court remanded First Administrative Review of Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review, 74 Fed. Reg. 57,995 (Dep't Commerce Nov. 10, 2009) ("Final Results") and Certain Activated Carbon from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review, 74 Fed. Reg. 66,952 (Dep't Commerce Dec. 17, 2009) ("Amended Final Results"), instructing the United States Department of Commerce ("Commerce") to further explain its interpretation of the certification requirements of 19 C.F.R § 351.303(g), to reexamine its determination that Mr. Wang Kezheng ("Mr. Wang") was not in a position to certify separate rate status documents for Hebei Foreign Trade and Advertising Corporation ("Hebei Foreign"), and, if necessary under Commerce's interpretation of its regulations, to permit Hebei Foreign to attempt to find someone who fulfills Commerce's regulatory requirements.[2]  Calgon Carbon, 2011 WL 637605, at *3.  For the reasons stated below, the court

---

[1] This action was "deconsolidated" in part in order to permit final judgment to be entered as to another party.  This resulted in a caption change for this aspect of the litigation.

[2] The court also instructed Commerce to reexamine issues regarding the labor regression methodology as well as surrogate values for hydrochloric acid, carbonize material, and bituminous coal. The court later instructed the parties to advise the court as to how to proceed regarding Commerce's zeroing methodology in view of the intervening decision in Dongbu Steel Co. v. United States, 635 F.3d 1363 (Fed. Cir. 2011).  The court agreed with the parties to continue as to the current schedule, and to permit the parties to address Dongbu Steel prior to
                                                                                                                  (continued...)

Consol. Case No. 09-00524                                                                                                  Page 3

sustains the Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce July 26, 2011) (Consol. Court No. 09-00524) ("Remand Results"), which, inter alia, set a separate rate for Hebei Foreign at 16.35%.

## BACKGROUND

The facts of this case have been well-documented in the court's previous opinion. See Calgon Carbon, 2011 WL 637605, at *1–3. The court presumes familiarity with that decision, but briefly summarizes the facts relevant to this opinion.

In June 2008, Commerce initiated the first administrative review of its antidumping ("AD") order on certain activated carbon from the People's Republic of China ("PRC"). Initiation of Antidumping and Countervailing Duty Administrative Reviews and Requests for Revocation in Part, 73 Fed. Reg. 31,813, 31,813 (Dep't Commerce June 4, 2008). Commerce concluded that Hebei Foreign's separate rate status documents were inconclusive because Commerce determined that Hebei Foreign either certified the documents using an individual who was not its employee or filed an inaccurate and unreliable certification. Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Certain Activated Carbon from the People's Republic of China, A-570-904, POR

---

[2](...continued)
final judgment. No party has commented on the recent zeroing developments post-remand. Accordingly, the court concludes it need not finally resolve any zeroing issue in this case.
　　Although Commerce addressed the labor regression methodology and surrogate value issues on remand, no party commented on or contested Commerce's explanation. The court reasonably may infer that the parties concur in the resolution of those issues, as set forth in the remand redetermination. See JTEKT Corp. v. United States, 780 F. Supp. 2d 1357, 1367 (CIT 2011). Accordingly, the court affirms the resolution of these issues in the remand redetermination and the 2.95% margin for Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. and Beijing Pacific Activated Carbon Products Co., Ltd. ("Cherishmet").

10/11/06–3/31/08, at 80–81 (Nov. 3, 2009), available at

http://ia.ita.doc.gov/frn/summary/prc/E9-27083-1.pdf (last visited Oct. 24, 2011). As a result, Commerce revoked Hebei Foreign's separate rate status and assigned Hebei Foreign the PRC-wide rate of 228.11%. Id. In December 2009, Hebei Foreign filed a complaint challenging the Final Results and Amended Final Results before the court. Calgon Carbon, 2011 WL 637605, at *1.

The court remanded the matter to Commerce, holding that Commerce did not provide substantial support for its determination that Mr. Wang was not a "formal employee" of Hebei Foreign because "[r]eliance on a single unclear statement by a party outside the respondent corporation to the exclusion of half a dozen others to the contrary does not rise to the level of substantial support." Id. at *3. The court instructed Commerce to "explain its regulation in the context of Chinese corporations and determine whether or not Mr. Wang was in a position to certify the facts at issue." Id. In addition, "[i]f Mr. Wang was in a position to know the facts but was not an employee in the sense required by Commerce, then Commerce must re-open the record to allow Hebei Foreign to attempt to find someone who fulfills the regulatory requirement." Id.

On remand, Commerce clarified that in 19 C.F.R. § 351.303(g)(1) requires certification by a current employee of the respondent and that the "employer-employee" relationship is distinguished from independent contractor or agent of the party relationships. Remand Results at 5. Hebei Foreign admitted that Mr. Wang was not formally on Hebei Foreign's payroll. Id. at 6. As a result, Commerce determined that it was "unclear as to whether Mr. Wang was an employee of Hebei Foreign or acted as an independent contractor or a selling

agent for Hebei Foreign . . . ." Id. Commerce permitted Hebei Foreign to submit additional certifications by someone "currently employed by" Hebei Foreign. Id. at 7. Hebei Foreign provided new company certifications, signed by Mr. Liu Guozhang—the Chief of Hebei Foreign—and Ms. Liu Furong. See Admin. R. 2, at Ex. 2–5. The certifications stated that Mr. Liu Guozhang and Ms. Liu Furong "prepared or supervised the preparation" of the responses in question. Id. Hebei Foreign provided tax return and payroll information for Mr. Liu Guozhang and payroll information for Ms. Liu Furong, which Commerce determined satisfied the definition of "employed by." Admin. R. 2, at Ex. 6–8;[3] Remand Results at 7. As a result, Commerce granted Hebei Foreign a separate rate. Remand Results at 7. Commerce calculated Hebei Foreign's rate to be 16.35% by averaging the rates of Calgon Carbon (Tianjin) Co., Ltd. and Jacobi Carbons AB. Id.

       Hebei Foreign and Calgon commented on the Remand Results. Cmts. of Hebei Foreign Trade and Advertising Corp. On Dep't of Commerce July 26, 2011 Final Results of Redetermination Pursuant to Court Remand ("Hebei Foreign's Cmts.") 1; Def.-Intervenors' Cmts. on Commerce Dep't Redetermination ("Calgon's Cmts.") 1–10. The government responded.[4]

---

[3] The payroll information for Mr. Liu Guozhang is from Hebei Shenglun Advertising and Exhibition, Co, Ltd. ("Shenglun"), which his Declaration explains controlled and operated Hebei Foreign until mid-2010. Admin. R. 2, at Ex. 5, 7. The Declarant signed the Hebei Foreign tax return. Id. at Ex. 6.

[4] Hebei Foreign attempted to file a reply. Def.-Intervenor's Motion to Strike 1–3. The reply was stricken from the record because the court's order did not permit Hebei Foreign a reply brief.

Consol. Case No. 09-00524                                                                                            Page 6

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  The court will uphold Commerce's final results, as well as its remand results, in AD reviews unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

### DISCUSSION

**I.      Separate Rate Status**

Calgon claims that Commerce's finding that Hebei Foreign is entitled to a separate rate status is contrary to law and not supported by substantial evidence.  Calgon's Cmts. 2.  Specifically, Calgon argues that 1) Commerce's conclusion that Mr. Liu Guozhang satisfies the requirements of 19 C.F.R § 351.303(g) is inconsistent with Commerce's explanation of its regulation, Calgon's Cmts. 2, and 2) Ms. Liu Furong does not meet the requirements of 19 C.F.R § 351.303(g), Calgon's Cmts. 2.  Calgon's arguments fail for the following reasons.

All factual information submitted in an antidumping proceeding must be accompanied by a certification that the information is accurate.  See 19 C.F.R. § 351.303(g).  This necessarily includes factual information supporting a claim of entitlement to status separate from the government in a non-market economy case.  The certification procedure requires that the person officially responsible for the "presentation of the factual information," state who he is "currently employed by."  19 C.F.R. § 351.303(g)(1).  In the remand results, Commerce explained the regulation as follows:

> Whenever a party (e.g., a company or a government) submits factual information in an AD/CVD proceeding, the law requires that the person(s) officially responsible for presentation of the factual

> information provide a certification with the submission. The certifier(s) of that factual submission must be "currently employed by" the party submitting the factual information. For purposes of this certification requirement, the Department defines "employed by" as performing work under an employer-employee relationship. An "employee" is a person in the service of another where the employer has the power or right to control and direct the employee with respect to what work will be done and the details of how it will be done, and the employee receives payment for services from the employer. In this regard, an "employee" of the party submitting factual information is to be distinguished from an independent contractor(s) or agent(s) of the party. The certifier(s) must be employed by the party submitting the factual information at the time the submission is made to the Department and the certifier(s) must have prepared or supervised the preparation of the submission. The Department may require proof of employment from the employer.

Remand Results at 5. In the instant case, Commerce determined that Hebei Foreign's documentary evidence demonstrated that Mr. Liu Guozhang and Ms. Liu Furong both satisfied the regulation because they were "currently employed by" Hebei Foreign and they "prepared or supervised the preparation," id. at 6, of the separate rate status certifications and responses, id. at 6–7.

       First, Calgon claims that Mr. Liu Guozhang did not meet the requirement of the regulation as "clarified" because he was not an employee of Hebei Foreign when the certifications were filed but rather was an employee of Hebei Shenglun Advertising and Exhibition, Co., Ltd. ("Shenglun"). Calgon Cmts. 3–4. The regulation as Commerce attempts to explain it in the remand results requires the certifier to be "employed by the party submitting the factual information at the time the submission is made to the Department . . . ." Remand Results at 5. Commerce relied on Mr. Liu Guozhang's position as Chief of Hebei Foreign and legal officer of Hebei Foreign, and also cited to documents where Mr. Liu Guozhang declared that he

"performed work under an employer-employee relationship" and that he had a fiduciary duty to Hebei Foreign and that Hebei Foreign had the "power or right to control and direct me with respect to what work would be done and the details of how it would be done." Admin. R. 2, at Ex. 2 ¶ 16.

Calgon is correct that the record indicated Mr. Liu Guozhong is on the payroll of the related company, Shenglun, which is a parent or successor to Hebei Foreign. He also appears to be the principal of Hebei Foreign. If Commerce construes its regulation in all instances to exclude non-payroll principals, i.e., those who know what is actually occurring in the company, it could make certification of factual submissions impossible for some corporations. Despite its attempt to be as precise as possible in clarifying its regulation, Commerce appropriately decided that the payment arrangement does not always answer the question posed by the regulation. Principals actually might take no salary in some cases. Commerce has to make a sensible decision as to who can provide factual information and in this case it has. Furthermore, it is not disqualifying that in some sense Mr. Liu Guozhang directed and controlled the corporation while, in some other sense, was directed by the corporation, as his declaration states.[5]

Second, Calgon claims that Ms. Liu Furong and Mr. Wang could not both have "prepared or supervised" the September 15 and September 23 separate rate submissions. Calgon Cmts. 5. In accepting separate rate certifications signed by Ms. Liu Furong, Commerce relied

---

[5] It is apparent that the "clarification" cannot be applied literally. It is sufficient for this case that the certifications comply with the regulation itself, and that the certifiers are in positions to know the facts certified.

upon payroll documents showing that Ms. Liu Furong was employed by Hebei Foreign and the statement that Ms. Liu Furong "prepared or supervised the preparation of" the separate rate certifications.  Remand Results at 6–7.  Nothing in the process of preparing or supervising the preparation of documents makes preparation or supervision by one individual mutually exclusive of the same tasks by a second or third individual.  Thus, Commerce relied on substantial evidence in determining that Ms. Liu Furong was employed by Hebei Foreign and that she in fact supervised or prepared the documents in question.  Commerce's finding that the additional certifications satisfied 19 C.F.R § 351.303(g) is supported by substantial evidence.[6]

## II.     Intent to Deceive

Calgon alleges that Commerce should be precluded from relying on Hebei Foreign's separate rate submissions because Hebei Foreign attempted to deceive Commerce with regards to Mr. Wang's employment status.  Calgon Cmts. 7–10.  In essence, Calgon argues that because Hebei Foreign provided one piece of arguably inconsistent information, Commerce should exclude all subsequent information submitted by Hebei Foreign from its separate rate status determination.  This claim lacks merit.

Although it remains unclear exactly what Mr. Wang's status is, assuming some information was not correct, the invalidity of information or documents cannot be imputed onto other information or documents without substantial evidence.  See Shandong Huarong Gen. Grp. Corp. v. United States, 27 CIT 1568, 1594–95 (2003) (finding that failure at verification did not

---

[6] Calgon also contests Hebei Foreign's continued reliance on Mr. Wang's certifications and his status as "currently employed by" Hebei Foreign.  Calgon Cmts. 6–7.  On remand, Commerce did not use Mr. Wang's certifications or any documents relating to whether Mr. Wang is or is not an employee of Hebei Foreign.  Thus, Calgon's argument is irrelevant.

permit Commerce to also cast doubt upon the reliability of a company's separate rate certification); China Kingdom Imp. & Ex. Co. v. United States, 31 CIT 1329, 1331, 507 F. Supp. 2d 1337, 1342 (2007) (holding Commerce exceeded its authority when it rejected new information on the basis that previous submissions had been incorrect).  Commerce can use adverse facts available, 19 U.S.C. § 1677e, or disregard information in deficient responses, 19 U.S.C. § 1677m(d), where a party fails to cooperate with Commerce or impedes the review proceeding.  See Gerber Food (Yunnan) Co. v. United States, 31 CIT 921, 931, 491 F. Supp. 2d 1326, 1337 (2007) ("Gerber Food II").  In Gerber Food II, Commerce assigned the PRC-wide rate to two Chinese corporations.  Id. at 922, 491 F. Supp. 2d at 1330.  Commerce assigned the PRC-wide rate after excluding all information submitted by Gerber because Gerber's alleged misrepresentations in its questionnaire responses "impugned the veracity of all of Gerber's responses."  Id. at 931, 491 F. Supp. 2d. at 1338 (emphasis added).  The court, however, determined that the alleged misrepresentations did not support a conclusion that all of the information submitted was unreliable: Commerce must specify what information was deficient and provide a reasoned analysis in support of such position.  See id. at 929, 491 F. Supp. 2d. at 1335–36.

On remand, Commerce excluded Mr. Wang's certification because the information Hebei Foreign provided about Mr. Wang was unclear.  Remand Results at 6.  Calgon's reliance on the insufficiency or lack of credibility of prior documents to impugn subsequent documents is deficient, particularly where no other record evidence casts significant doubt on Commerce's decision to rely on Hebei Foreign's new submissions on remand.  Thus, Commerce did not err in using the new information provided by Hebei Foreign to determine

Consol. Case No. 09-00524								Page 11

Hebei Foreign's separate rate status.

## CONCLUSION

For the foregoing reasons, Commerce's determination to grant separate rate status to Hebei Foreign is supported by substantial evidence and is in accordance with the law. Accordingly, the <u>Remand Results</u> are sustained.

 /s/ Jane A. Restani    
Jane A. Restani  
Judge

Dated: This 24th day of October, 2011.
       New York, New York.

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HEBEI FOREIGN TRADE AND ADVERTISING CORPORATION,**<br><br>Plaintiff,<br><br>**CHERISHMET INCORPORATED,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**UNITED STATES, and UNITED STATES DEPARTMENT OF COMMERCE,**<br><br>Defendants,<br><br>**CALGON CARBON CORPORATION, and NORIT AMERICAS INC.,**<br><br>Intervenor Defendants. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 09-00524 |

## **JUDGMENT**

The determination on remand of the United States Department of Commerce in this action is hereby sustained and in accordance with 19 U.S.C. § 1516a(e), liquidation of any entries heretofore enjoined in this action shall be liquidated only in accordance with the final results of this litigation, including any and all appeals.

          /s/ Jane A. Restani    
             Jane A. Restani
                   Judge

Dated: This 24th day of October, 2011.
      New York, New York.